**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4044**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHN D. COTTINGHAM, JR.,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:07-cr-00340-RBH-1)

───────────

Submitted:  September 15, 2008        Decided:  November 4, 2008

───────────

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.  William E. Day, II,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On June 22, 2007, John Cottingham pled guilty to one count of failure to collect and pay over payroll taxes, in violation of 26 U.S.C. § 7201 (2000) (Count One) and one count of tax evasion for failure to pay over payroll taxes, in violation of 26 U.S.C. § 7202 (2000) (Count Seventeen). At Cottingham's sentencing hearing, the district court granted Cottingham's request for a variance and reduced Cottingham's offense level from offense level 15 to offense level 12. In conformity with Cottingham's new advisory guidelines range, the district court sentenced Cottingham to six months' imprisonment on Counts One and Seventeen, to run concurrently, and one year of supervised release. The district court also ordered that Cottingham spend the first ten months of his supervised release on home confinement with electronic monitoring and that he pay $277,574 in restitution.

Cottingham timely noted his appeal. On appeal, Cottingham has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).[*] In his <u>Anders</u> brief, Cottingham has presented for review whether his plea was valid under Federal Rule of Criminal Procedure 11 and whether his sentence was reasonable.

Cottingham's guilty plea hearing fully complied with the requirements of Rule 11. At the outset of Cottingham's hearing,

---

[*]Cottingham was informed of his right to file a pro se supplemental brief. He has elected not to do so.

the district court personally addressed Cottingham, placed him under oath, and made certain he understood the penalties for perjury should he knowingly make a false statement during his colloquy. The court then determined Cottingham was sober and competent to enter a guilty plea.

Prior to accepting Cottingham's guilty plea, the district court explained to Cottingham federal sentencing, including the advisory nature of the guidelines, supervised release, the abolishment of parole, and the mandatory special assessment. The court then ensured Cottingham understood that by pleading guilty he was waiving his right to plead not guilty, to a trial by jury, to the assistance of counsel, to confront and cross-examine adverse witnesses, to present evidence on his own behalf, to refuse to testify, to compel the attendance of witnesses, and to be presumed innocent unless the Government should prove him guilty beyond a reasonable doubt.

Also, the district court read into the record Counts One and Seventeen of the indictment and the possible penalties for each charge, and Cottingham stated he understood the elements of the offenses and the maximum possible penalties he faced. Cottingham indicated that he was pleading guilty freely and voluntarily and that he was completely satisfied with his lawyer's representation of him. The district court conducted a thorough Rule 11 hearing,

3

and consequently, Cottingham's guilty plea was knowing and voluntary.

Additionally, Cottingham's sentence was reasonable. Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) and determine an appropriate sentence.

Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as failing to calculate (or improperly calculating) the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the guidelines range. Gall, 128 S. Ct. at 597.

If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id. A substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance

from the Guidelines range. <u>Pauley</u>, 511 F.3d at 473 (quotations and citation omitted). While the court may presume a sentence within the guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. <u>Id.</u> Moreover, it must give due deference to the district court's decision that the § 3553(a) factors justify imposing a variant sentence and to its determination regarding the extent of any variance. Even if the reviewing court would have reached a different sentence result on its own, this fact alone is insufficient to justify reversal of the district court. <u>Id.</u> at 474.

Here, the district court did not commit procedural error in sentencing Cottingham. First, the district court properly calculated Cottingham's advisory guidelines range. Based on the tax loss as stipulated by the parties, Cottingham had a base offense level of 18, which was properly reduced three levels pursuant to U.S.S.G. § 3E1.1. The district court then granted Cottingham's request for a variance and reduced Cottingham's base offense level three additional levels, resulting in an advisory guidelines range of 10-16 months' imprisonment. As Cottingham's offense level fell within Zone C of the Sentencing Table, the district court acted within its discretion by sentencing him to six months' imprisonment followed by ten months of home detention with electronic monitoring. <u>U.S. Sentencing Guidelines Manual</u> § 5C1.1(d). Additionally, prior to imposing sentence, the district

5

court heard the arguments of counsel and Cottingham's allocution and specifically considered the advisory nature of the guidelines and the § 3553(a) factors. Finally, the district court provided a reasoned explanation for granting Cottingham's request for a variance. Accordingly, the district court did not commit procedural error in sentencing Cottingham.

Additionally, Cottingham's sentence was substantively reasonable. In granting Cottingham's request for a variance, the district court properly considered Cottingham's age, his long history of health problems, his lack of a prior criminal record, the extent of Cottingham's community service, and the outpouring of support for Cottingham. The district court balanced these facts against the facts that his offense continued for an extended period of time and that, as of the date of sentencing, Cottingham had paid nothing towards restitution. The district court concluded Cottingham's sentence would reflect the seriousness of his offense, promote respect for the law, and provide for just punishment. The record does not indicate the district court abused its discretion.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cottingham, in writing, of the right to petition the Supreme Court of the United States for further review. If Cottingham requests that a petition be filed, but

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cottingham.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED